# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROXANNE SOLOMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-0404-SSA-CV-W-MJW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the Commissioner's motion of February 10, 2011, requesting the court to enter a final judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, reversing the decision of the Administrative Law Judge (ALJ) and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner states that, upon remand, the ALJ will be directed to evaluate the medical opinion of Dorothy Jackson, M.D., and analyze plaintiff Roxanne Solomon's ability to perform past relevant work based on the vocational expert's testimony regarding the sit/stand option in the residual functional capacity assessment. The ALJ is to acknowledge the ALJ decision dated November 9, 2010, on plaintiff's subsequent claim, and consider that decision, if necessary, consistently with the applicable reopening regulation and the Hearings and Litigation Law Manual. Plaintiff has filed suggestions in opposition to a remand. Plaintiff argues that the ALJ's decision is not supported by substantial evidence and that remand would result in unnecessary delays in awarding her benefits.

After consideration of the record, the court finds that a remand, pursuant to sentence four, is warranted.

> Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of our abundant deference to the ALJ remand the case for further administrative proceedings. Consistent with this rule, we may enter an immediate finding of disability only if the record overwhelmingly supports such a finding.

Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000). The record in the instant case does not support a reversal for immediate payment of benefits. Remand will expedite administrative review and allow the Commissioner to properly consider the claim. Accordingly, it is

ORDERED that the decision of the ALJ is reversed, and this case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for a proper consideration of Roxanne Solomon's claim. [9]

Dated this 3rd day of May, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge